HAMILTON, Plaintiff-Appellee, v HAMILTON, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3904.   Decided May 19th, 1947.

Miller & Miller, Columbus, and Robert P. Duncan, Columbus, for plaintiff-appellee.

Dargusch, Caren, Greek & King, Columbus, for defendant-appellant.

276

NICHOLS, J, of the Seventh District, WISEMAN, PJ, and MONTGOMERY, J, of the Fifth District sitting by designation.

**OPINION**

By NICHOLS, J.

Prior to their marriage in Kentucky in 1932, Lillian Hamilton was a resident of Columbus, Franklin County, Ohio, and William E. Hamilton was a resident of Knox County, Tennessee. After their marriage husband and wife returned to their respective domiciles and during the marriage relation each continued to reside at the domicile acquired prior to marriage, although they visited together for short periods in Columbus and Knox County, Tennessee.

On February 10, 1940, pursuant to the provisions of Section 8426, Ann. Code of Tennessee, William E. Hamilton obtained a decree of divorce from his wife in the Juvenile and Domestic Relations Court of Knox County, Tennessee, on the ground that she wilfully absented herself from him for two years and refused to remove with him to Tennessee, without reasonable excuse. In that action Lillian Hamilton was served by publication only, as provided by the Tennessee Code. She did not appear or make any defense to that action and in due course the Court found the allegations of the complaint to be true and decreed "that the bonds of matrimony heretofore subsisting between the complainant and defendant be forever and perpetually dissolved and that the complainant be restored to all the rights of an unmarried man."

At the date of that decree there was in full force and effect Section 8449, Ann. Code of Tennessee, which reads as follows:

"If the bonds of matrimony be dissolved at the suit of the husband, the defendant shall not be entitled to dower in the complainant's real estate nor to any part of his personal estate, in case of his intestacy, nor to alimony."

October 23, 1940, Lillian Hamilton instituted an action against William E. Hamilton in the Chancery Court of Knox County, Tennessee, seeking to set aside on the ground of fraud

the divorce decree above referred to and in her action she alleged facts which, if proven, would have entitled her to that relief and also entitled her to a divorce and permanent alimony, for which she also prayed in her bill of complaint, in the caption to which she represents that her residence and domicile is in Knox County, Tennessee, and in the complaint she avers that the defendant, W. E. Hamilton, at the time he filed his bill for divorce well knew she was a resident of the State of Tennessee.

In her complaint she also prayed for an injunction restraining and preventing the defendant from selling and disposing of "his property in the State of Tennessee, or the State of Ohio, or elsewhere" pending the further orders of the Court. Such injunction was granted upon the pauper oath of complainant. Subsequently, the Court, on motion of defendant and upon oral testimony, found that complainant was not entitled to prosecute the action and have the injunction remain in force upon the pauper oath, and ordered the complainant to give cost bond and injunction bond, in default of which the case would be dismissed. She gave bond as fixed by the Court.

William E. Hamilton was duly served with summons in that action and filed his answer to the complaint, in which answer he denied the allegations of fraud set up in the complaint, alleged that for a period of years the complainant had registered and voted in Columbus, Ohio, and thus declared her residence in Ohio. This allegation was not denied by complainant either by pleading or upon the hearing.

The Chancery Court of Knox County, Tennessee, upon complainant's application, allowed her to amend her original bill so as to set up a claim for homestead rights in the real estate owned by the defendant, "in addition to alimony which she seeks in this case for her future support and maintenance."

By its final decree entered January 17, 1941, after hearing upon the pleadings and evidence, the Chancery Court found that the complainant failed by the weight of the testimony to make out the allegations and charges in her bill, that the complainant never had purposed to move to the State of Tennessee and reside or live with the defendant as his wife in that state, and that the procurement of divorce by the defendant in the Domestic Relations Court of Knox County, Tennessee, was not fraudulent and void but should "remain in full force and effect", and thereupon dismissed complainant's bill and dissolved the injunction previously granted.

Petition to rehear and enter a decree in her favor in accordance with the prayer of the original bill, was filed by the

complainant, considered by the Court and disallowed and over-ruled, February 3, 1941. No appeal was prosecuted by Lillian Hamilton to the findings, judgment and decree of the Chancery Court of Tennessee and the same became final.

This action was instituted by Lillian Hamilton against William E. Hamilton in the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, on June 17, 1943, the prayer of her petition being:

"Wherefore plaintiff asks that alimony for her sustenance and expenses during the pendency of the suit be granted her, and that she be decreed reasonable alimony out of the property of the defendant, William E. Hamilton, and that he be enjoined from disposing of his property, and for such other relief as she may be entitled to at law or equity."

William E. Hamilton was duly served with summons and copy of the petition in Franklin County, Ohio, and on motion a temporary restraining order was allowed and defendant ordered to pay $100.00 per month as temporary alimony and $250.00 for expense money.

Before any further proceedings were had in this case the defendant died on July 2, 1943, and R. E. Leonard was appointed administrator of his estate at Knoxville, Tennessee. On November 17, 1943, Walter R. Snyder was appointed ancillary administrator by the Probate Court of Franklin County, Ohio. Motion to revive the action was filed by plaintiff November 24, 1943.

Over the objection of the ancillary administrator the Court heard the motion to revive, permitted the plaintiff to introduce evidence of the divorce decree entered by the Tennessee Court, revived the action, overruled defendant's demurrer to the petition, heard the case on its merits, the ancillary administrator by answer having set up the judgments and decrees of the Tennessee Courts, above referred to, and alleging that the right of the plaintiff to alimony out of the property of the deceased defendant, William E. Hamilton, had been fully adjudicated and determined in such actions. Upon such final hearing the Franklin County Court awarded plaintiff $7500.00 as permanent alimony out of the estate and property of William E. Hamilton, deceased.

In this appeal by defendant on questions of law the following errors are assigned for reversal of the judgment of the Common Pleas Court and for final judgment for defendant:

1. The Common Pleas Court erred in reviving the action against appellant.

2. The trial court erred in overruling the demurrer to the petition.

3. The trial court erred in finding that the action was not barred by the judgments of Juvenile and Domestic Relations Court and the Chancery Court of Knox County, Tennessee, and in giving judgment for appellee.

4. The trial court erred in awarding judgment for $7500 to appellee in lieu of alimony and property rights in the property of William E. Hamilton.

To an understanding of the claims made by the parties to this appeal, we first set forth the allegations of the petition, omitting the caption and referring to the prayer thereof as quoted above, without repetition:

"PETITION.

"Plaintiff has been a bona fide resident of the State of Ohio for more than one year last past and has been a bona fide resident of the County of Franklin for more than thirty days last past.

"Plaintiff says that on the 8th day of August, 1932, she was married to the defendant, William E. Hamilton, at Newport, Kentucky; that no children were born of said marriage.

"FIRST CAUSE OF ACTION

"Plaintiff says that defendant ever since their marriage has failed and willfully neglected to provide plaintiff with the common necessities of life, so that plaintiff has been compelled to live upon the charity of her brother and her own exertions, although defendant had the ability to provide her with the common necessities of life.

"Plaintiff says that the defendant has paid her less than $100.00 a year since the date of their marriage. Plaintiff further says that about May, 1942, defendant disposed of approximately 3200 acres of land in the State of Tennessee and received therefor a consideration of approximately $35,000.00; that defendant is also possessed of 2500 acres of land in the State of Tennessee of the value of approximately $25,000.00, and 70 acres of coal land located near Athens, Ohio, of the approximate value of $5000.00. Plaintiff further says that prior to Aug. 1932, defendant was the owner of approximately 5700 acres of land in the State of Tennessee, which was slate, marble and timber land, and 70 acres of coal land near Athens, Ohio; that after their marriage, defendant made Columbus, Ohio, his home for several months at a time, returning to Knoxville, Tennessee, telling plaintiff that he was unable to

support her and leading her to believe that he would make a home for her as soon as he realized any money from his properties; that defendant would write endearing letters to plaintiff, promising her that money would be realized from his properties for the mutual benefit of plaintiff and defendant. Plaintiff further says that after defendant realized moneys from the sale of said property, he did not give her any money or did not make any provision for her to live with him in the State of Tennessee; that by reason of defendant's promises, plaintiff has been embarrassed and chagrined.

"SECOND CAUSE OF ACTION

"Plaintiff says that the defendant, William E. Hamilton, has in disregard of his marital duties, for more than three years last past, been willfully absent from plaintiff."

In my opinion, the petition states only a right or claim for alimony based upon an existing marital relationship of the parties, and, therefore, is an action for support, maintenance and expenses, as distinguished from alimony by way of division of property, which can only be allowed on a claim of terminated marital relationship. There is no allegation in the petition that the marital relationship had terminated, nor could the Court grant a divorce after the death of the defendant. No mention is made of the decrees of the Tennessee Courts, although the plaintiff well knew that the validity of that divorce granted to William E. Hamilton had been confirmed by the decree in the action she had instituted to set the same aside.

The prayer of the petition in this case is for alimony out of the property of the defendant, based, of course, upon the facts stated in the petition. True, the prayer asks for such other relief as she may be entitled to at law or equity, but the action is not one in chancery. The injunction sought and obtained was but ancillary to the primary relief to which plaintiff might be entitled under the allegations of her petition. The petition in this case having alleged only facts entitling plaintiff to allowance for her sustenance, support and expenses during the marital relationship, and not entitling her to a division of property, it follows that upon the death of defendant the action abated and could not be revived against the ancillary administrator of the defendant, because the right of a wife to be supported by her husband ceases on his death, and her rights, if any, are then such as are provided by the laws of descent and distribution. As long as the marital relation exists (and there is no allegation to

■ the contrary in this petition), the Court's jurisdiction is limited to an allowance for support, maintenance and expenses, during the separation. **Materazzo v Materazzo, 139 Oh St 36.**

The petition in this case was evidently carefully drawn with the view of contesting in the Ohio Court the validity of the Tennessee divorce decree in the event the defendant would set up the Tennessee decree under a claim of res adjudicata. The death of defendant before that issue was raised made it necessary for plaintiff to change her cause of action.

In my opinion the trial court could not revive an action upon a right which was not asserted in the petition and was in error in receiving evidence of a fact not asserted in the petition, to wit, the fact of the Tennessee divorce, the validity of which plaintiff is now driven to assert if any benefit is to be derived from this litigation. It is difficult to see how she can rely upon that divorce as a valid termination of the marital relationship without also being bound by the effect of that divorce granted for her own aggression, thereby being barred of all rights to alimony out of the property of her former husband, as provided by the provisions of the Tennessee Code above quoted.

The fact that the Court received such evidence clearly demonstrates that something additional to the cause of action stated in the petition was essential to the maintenance of the action after the death of Mr. Hamilton. Thus the Court revived a cause of action not stated in the petition. For this there is no authority of law.

From what I have said it necessarily follows that the demurrer filed by the ancillary administrator to the petition should have been sustained and prejudicial error intervened in that respect.

Not only for the reasons above stated, but for the further reason that the rights of the plaintiff to permanent alimony were finally adjudicated in the Chancery Court of Tennessee, the judgment of the trial court here is contrary to law under defendant's plea of res adjudicata. The Chancery Court of Tennessee had jurisdiction of the persons of both parties to that action, as well as jurisdiction of the real estate of William E. Hamilton situate in that state. By her separate action against her former husband, brought in the Tennessee Chancery Court, having jurisdiction to grant her alimony as ■ prayed for in her petition, the decree entered against her in that state is binding against her here and must be given full faith and credit in the courts of Ohio and elsewhere in

the United States. There is no evidence in this record upon which the jurisdiction of the Tennessee Chancery Court over the subject matter or person of either party can be impeached. Williams, et al., v State of North Carolina, 89 Law Ed. 1577. She had a full hearing upon her action in said Chancery Court. The Court whose jurisdiction she invoked found no fraud upon the part of William E. Hamilton in his divorce action, confirmed the decree therein, and dismissed her petition.

But the trial court here, while recognizing the decree of the Chancery Court of Tennessee as final so far as the divorce obtained by Mr. Hamilton is concerned (as the Court must have done before it could grant the allowance of permanent alimony), took the view from something said in the Chancellor's opinion, that the property rights of the wife were not adjudicated. In this we do not concur. The statement of the Chancellor, referred to by the able trial Judge in this case, is no part of the decree. That Court had before it for adjudication the entire relief sought by Mrs. Hamilton, and its decree necessarily adjudicated all her rights to such relief and she did not prevail. We cannot subscribe to the proposition that a party who fails to obtain relief authorized in an action instituted by her may, nevertheless, when she fails, select another jurisdiction and relitigate her rights to such relief. She is as much bound by the decree when she fails as when she prevails.

In this case the award of alimony was made, in part at least, out of the property of decedent situated in the foreign jurisdiction where her rights therein had been finally adjudicated. Such award is contrary to law under the circumstances of this case.

The judgment of the trial court is reversed for the prejudicial errors to which reference has been made here and final judgment is entered for the defendant.

WISEMAN, PJ, and MONTGOMERY, J, concur.